United States Courts
Southern District of Texas
FILED
JUN 23 2016
David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. H- |
| v. | § | |
| | § | |
| CARMEN TURNER | § | 16CR0282 |
| a/k/a CARMEN P. TURNER | § | |
| Defendant | § | |

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE
(18 U.S.C. § 157 (3)-Bankruptcy Fraud)

### A. INTRODUCTION

**At all times material to this indictment:**

#### The Defendant

1. **Carmen Turner** (**"Turner"**), defendant herein, was a resident in the Houston, Texas area.

#### Summary of the Case

2. From March 2009 to April 2013, **Turner** and an unindicted individual filed eight (8) bankruptcy petitions in the Bankruptcy Court of the Southern District of Texas for the purpose of receiving an "automatic stay" as protection

from foreclosure proceedings brought by creditors to obtain property to satisfy a loan(s). **Turner** filed five Bankruptcy cases on her own, and she then filed a sixth case jointly with the unindicted individual. In filing a petition, **Turner** failed to disclose all of the previous bankruptcy cases filed within the prior eight (8) years that she filed *pro se*. Further, in filing each case **Turner** intentionally failed as a debtor to make complete and honest disclosure of her assets, liabilities, and other requirements to the Bankruptcy Judge, Trustees, and creditors.

## The Bankruptcy Process

3. Bankruptcy is a process by which a debtor obtains relief from her creditors (those who are owed money by the debtor). The process is designed to achieve an orderly transfer of a debtor's assets to creditors from available assets truthfully and accurately disclosed, and to provide a "fresh start" to honest debtors by allowing them to obtain a discharge or release of debt incurred prior to filing bankruptcy. The process is conducted in federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

4. An individual may file a "petition" for one of several types of bankruptcy, commonly referred to as chapters. A debtor is required to complete and file several documents with the bankruptcy court to carry out the bankruptcy process. These documents consist of a Petition, which contains summary

information about the debtor's financial condition, various Bankruptcy Schedules, and a Statement of Financial Affairs, which contain, among other things, detailed information about the debtor's assets, liabilities, recent payments to creditors, past and current income, and anticipated future income. The Petition, Statement of Financial Affairs and Bankruptcy Schedules are required to be signed by the debtor and certified under penalty of perjury that the information contained in them is true and correct. In a Chapter 13 bankruptcy case, a debtor is also required to file a plan to pay back creditors and begin making payments to the Chapter 13 Trustee shortly after filing. In Chapter 13 bankruptcy cases, a Chapter 13 Trustee is appointed in every case to administer the debtor's plan and make payments to creditors.

5. A debtor is required to disclose all creditors to the bankruptcy court so that the court can provide notice to the creditors of the filing of the bankruptcy petition. One purpose of this requirement is to allow the creditors the opportunity to participate in the bankruptcy proceeding and protect their interests.

6. As part of the bankruptcy process, every debtor must submit to a meeting conducted by the Trustee, or an employee of the United States Trustee's Office, who is assigned to oversee and to administer the bankruptcy case. At this meeting, referred to as a "creditors' meeting," the debtor is placed under oath and questioned by the Trustee, and any creditors who choose to attend, about the

information contained in the bankruptcy documents and about the debtor's financial condition, in general. Further, in carrying out the bankruptcy process, when filing all documents, the debtor swears under penalty of perjury that the information is accurate and truthful.

## B. THE SCHEME TO DEFRAUD

7. From in or about March 2009 and continuing to April 2013, in the Houston Division of the Southern District of Texas and elsewhere,

**CARMEN TURNER**
**a/k/a CARMEN P. TURNER**

defendant herein, having devised and intending to devise a scheme and artifice to defraud the Bankruptcy Court, and others, for the purpose of executing and concealing said scheme and artifice, filed a petition under Title 11, United States Code, in Bankruptcy Cases Nos. 09-38466, 09-31755, 10-38386, 12-36413, 12-38195, and 13-31923, made false and fraudulent representations, claims, and promises, including omitting and concealing material facts, concerning and in relation to a proceeding under Title 11, as more fully set forth below.

## C. EXECUTION OF THE SCHEME TO DEFRAUD

8. The scheme and artifice consisted of the defendant omitting material facts concerning the disclosure of all previous bankruptcy cases filed in Bankruptcy Court within the prior eight years. Defendant did this to receive

immediate protection from the automatic stay against foreclosure by creditors to avoid fulfilling her obligation of disclosure, and well knowing that she will refile thereafter to once again thwart her creditors by receiving the automatic stay.

9. It was further part of the scheme to defraud that the defendant would and did file multiple petitions to mislead creditors to believe that the stay was in effect because the current petition failed to disclose cases that had been previously filed, and then dismissed, within one year prior to the filing of the pending case. Thus, creditors would take no legal action to exercise their legal remedies.

10. It was further part of the scheme to defraud that the defendant would and did fail to disclose proper names and previous cases filed, other schedules and documents as required by the Bankruptcy Code, and that the Bankruptcy Judges issued several Orders dismissing defendant's cases and ordering the defendant not to file another case within a 180 day period. Defendant violated the Courts' Orders.

12. It was part of the scheme to defraud that the defendant would and did file and aided in filing six (6) bankruptcy cases in the Southern District of Texas from 2009 to 2013.

## D. <u>MATERIAL FALSE AND FRAUDULENT REPRESENTATIONS, PROMISES AND CONCEALMENT OF MATERIAL FACTS</u>:

13. On or about November 2, 2009, the defendant filed a bankruptcy petition Case No. 09-38446. The bankruptcy petition required the debtor to list

"All Bankruptcy Cases Filed within the Last 8 Years." The information provided in response to this requirement is made under penalty of perjury. Defendant did not disclose any of her prior cases filed within the eight years of November 2, 2009. During the eight-year period, the defendant filed Case No. 09-31755 on March 16, 2009. Defendant's failure to disclose the previous case constitutes a material fact, false oath, declaration, and/or representation not disclosed to the Bankruptcy Court.

In violation of Title 18, United States Code, Section 157 (3).

**COUNT TWO**
**(18 U.S.C. § 152 (3)-False Bankruptcy Declaration)**

On or about September 24, 2010, in the Southern District of Texas and elsewhere,

**CARMEN TURNER**
**a/k/a CARMEN P. TURNER**

defendant herein, did knowingly and fraudulently make a false material declaration, certificate, and statement under penalty of perjury, as provided under Section 1746 of Title 28, in and in relation to a case under Title 11, a bankruptcy petition, Case No. 10-38386, in which the petition required the debtor to list "All Bankruptcy Cases Filed within the Last 8 Years." Defendant failed to disclose that she had previously filed bankruptcy cases: Case No. 09-31755 filed on March 16, 2009; and Case No.09-38466 filed on November 2, 2009. Defendant's failure to disclose

these previously filed cases constitutes a material fact, false oath, declaration, and/or representation not disclosed to the Bankruptcy Court Trustee, and creditors.

In violation of Title 18, United States Code, Section 152 (3).

## COUNT THREE
## (18 U.S.C. § 152 (3)-False Bankruptcy Declaration)

On or about August 30, 2012, in the Southern District of Texas and elsewhere,

**CARMEN TURNER**
**a/k/a CARMEN P. TURNER**

defendant herein, did knowingly and fraudulently make a false material declaration, certificate, and statement under penalty of perjury, as provided under Section 1746 of Title 28, in and in relation to a case under Title 11, a bankruptcy petition, Case No. 12-36413, in which petition required the debtor to list "All Bankruptcy Cases Filed within the Last 8 Years." Defendant failed to disclose that she had previously filed bankruptcy cases: Case No. 09-31755 filed on March 16, 2009; Case No. 09-38466 filed on November 2, 2009, and Case No. 10-38386 filed on September 24, 2010. Defendant's failure to disclose these previously cases constitutes a material fact, false oath, declaration, and/or representation not disclosed to the Bankruptcy Court Trustee, and creditors.

In violation of Title 18, United States Code, Section 152 (3).

## COUNT FOUR
## (18 U.S.C. § 152 (3)-False Bankruptcy Declaration)

On or about November 5, 2012, in the Southern District of Texas and elsewhere,

**CARMEN TURNER**
**a/k/a CARMEN P. TURNER**

defendant herein, did knowingly and fraudulently make a false material declaration, certificate, and statement under penalty of perjury, as provided under Section 1746 of Title 28, in and in relation to a case under Title 11, a bankruptcy petition, Case No. 12-38195 in which the petition required the debtor to list "All Bankruptcy Cases Filed within the Last 8 Years." Defendant failed to disclose that she had previously filed bankruptcy cases: Case No. 09-31755 filed on March 16, 2009; Case No. 09-38466 filed on November 2, 2009, Case No.10-38386 filed on September 24, 2010, and Case No. 12-36413 filed on August 30, 2012. Defendant's failure to disclose these previously filed cases constitutes a material fact, false oath, declaration, and/or representation not disclosed to the Bankruptcy Court, Trustee, and creditors.

In violation of Title 18, United States Code, Section 152 (3).

**COUNT FIVE**
**18 U.S.C. § 152 (3)-False Bankruptcy Declaration)**

On or about April 1, 2013, in the Southern District of Texas and elsewhere,

**CARMEN TURNER**
**a/k/a CARMEN P. TURNER**

defendant herein, did knowingly and fraudulently make a false material declaration, certificate, and statement under penalty of perjury, as provided under Section 1746 of Title 28, in and in relation to a case under Title 11, a bankruptcy petition, Case No. 13-31923 in which the petition required the debtor to list "All Bankruptcy Cases Filed within the Last 8 Years." Defendant failed to disclose that she had previously filed bankruptcy cases: Case No. 09-31755 filed on March 16, 2009; Case No. 09-38466 filed on November 2, 2009, Case No. 10-38386 filed on September 24, 2010, Case No. 12-36413 filed on August 30, 2012; and Case No. 12-38195 filed on November 5, 2012. Defendant's failure to disclose these previously filed cases constitutes a material fact, false oath, declaration, and/or representation not disclosed to the Bankruptcy Court, Trustee, and creditors.

In violation of Title 18, United States Code, Section 152 (3).

**COUNT SIX**
**(Contempt of Court (18 U.S.C. § 401 (3))**

On or about November 27, 2012, in the Southern District of Texas and elsewhere the defendant herein,

**CARMEN TURNER**
**a/k/a CARMEN P. TURNER**

did willfully and knowingly disobey and resist a lawful Order of a Bankruptcy Court of the United States, that is, the Order issued by the Honorable Marvin Isgur, United States Bankruptcy Judge, on November 27, 2012, in the Southern District

of Texas, Case No. 12-38195, in which the court ordered defendant not to file another bankruptcy case for a period of 180 days. On or about April 1, 2013, defendant filed another bankruptcy case in Case No. 13-31923, in violation of the court's Order.

In violation of Title 18, United States Code, Section 401 (3).

A TRUE BILL:

Original Signature on File

Foreperson of the Grand Jury

KENNETH MAGIDSON
UNITED STATES ATTORNEY

Quincy L. Ollison
Assistant United States Attorney